IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-688-F

| | |
|---|---|
| DILIP GANDECHA and ) | |
| PUSHPLATA GANDECHA, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| METROPOLITAN PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
|     Defendant. ) | |

This matter is before the court on the Motion to Dismiss [DE-6] filed by Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan"). For the reasons stated below, the motion is ALLOWED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Dilip Gandecha and Pushplata Gandecha ("Plaintiffs" or "Gandechas") initiated this action by filing a complaint asserting claims against Defendant Metropolitan in Wake County Superior Court on August 14, 2013. Plaintiffs' claims arise out of Metropolitan's failure to pay the full amount of Plaintiffs' claim under a homeowners' insurance policy issued by Metropolitan for damage allegedly caused by a thunderstorm on July 6, 2012. Metropolitan timely filed a notice of removal [DE-1] in this court on October 1, 2013, on the basis of diversity jurisdiction. That same day, Metropolitan filed the instant motion to dismiss, arguing that Plaintiffs failed to state any claims against it.

The allegations in the complaint, which for purposes of this motion the court must accept as true, show the following. Plaintiffs own property at 105 Tecumseh Court, in Cary, North Carolina

("the Property"), which is their primary residence. Compl. [DE-1-2] ¶ 5. Metropolitan issued homeowner's insurance policy number H1192374702 ("the Policy") to Plaintiffs. *Id.* ¶ 6; Policy [DE-7-2]. Plaintiffs allege they purchased the Policy to insure the Property based on the specific representation by Metropolitan, and/or its agents, that the Policy would provide insurance coverage for the Property for certain perils. Compl. [DE-1-2] ¶ 7.

On July 6, 2012, "a severe thunderstorm producing high winds, hail and rain caused extensive damage to the Property, including, but not limited to, wind and hail damage to the Property's shingle roof, hail and/or wind damage to [the] Property's gutter system, hail and/or wind damage to the Property's exterior window screens, hail damage to metal surfaces on the Property's roof and water damage to the interior of the Property resulting from the wind and/or hail damage to the shingles" ("the Storm Damage"). *Id.* ¶ 8. Plaintiffs submitted a claim to Metropolitan under the Policy seeking insurance coverage for the Storm Damage ("the Claim"). *Id.* ¶ 9.

Metropolitan's adjuster inspected the property and found no evidence of hail and/or wind damage to the Property, and offered the Plaintiffs no compensation. *Id.* ¶ 13. Plaintiffs contend the adjuster employed by Metropolitan was unqualified, and he or she conducted a substandard inspection of the property. *Id.* ¶ 14. Citing information and estimates provided by their roofing contractors, Plaintiffs disputed the adjuster's findings and requested that the Property be re-evaluated. *Id.* ¶ 15.

Metropolitan then retained the services of Engineering Design & Testing Corp. ("EDTC") to evaluate the Property and Storm Damage. *Id.* ¶ 16. Plaintiffs allege that EDTC found multiple instances of hail damage to the Property's roof and metal surface, but Metropolitan only offered to make minor repairs to the Property. *Id.*. ¶¶ 17-18. Metropolitan specifically refused to replace the

2

Property's roof, "even though the observed Storm Damage justified replacement, roofing industry standards preferred replacement over spot repair and any attempt to complete a spot repair of the Plaintiff's [sic] Property would have voided the existing warranty on the Plaintiffs' roof and would have resulted in areas of obvious repair, thus decreasing the aesthetic appearance of Plaintiffs' Property." *Id.* ¶ 18.

Plaintiffs again disputed the findings of Metropolitan and requested complete coverage of the claimed Storm Damage, but according to Plaintiffs, Metropolitan "continued to rely on incorrect adjustments and faulty information to again wrongfully deny complete coverage." *Id.* ¶¶ 19-20. Specifically, Plaintiffs allege:

> Metropolitan's adjustments, reports, pictures and accompanying documents failed to initially recognize the Storm Damage, failed to acknowledge the cause and extent of the Storm Damage, provided false or misleading information for the purposes of denying the Claim, was conducted by biased parties using non-industry standard inspection methods to justify denying the Claim and did not allow adequate funds to cover repairs of the actual Storm Damage.

*Id.* ¶ 21.

Plaintiffs also allege Metropolitan and/or its agents "misrepresented the cause of, scope of, and cost to repair the Storm Damage, and/or the amount of insurance coverage available for the Claim under the Policy." *Id.* ¶ 22. Plaintiffs further allege that Metropolitan "negligently advised the Plaintiffs as to the condition of the Property, the damage done to the Property, and/or needed repairs to the Property." *Id.* ¶ 24. Plaintiffs also allege that Metropolitan failed to properly adjust the claim and improperly denied the claim without an adequate investigation, and failed to perform its contractual duty to compensate Plaintiffs under the Policy. *Id.* ¶¶ 26, 28.

Plaintiffs also allege that Metropolitan violated N.C. Gen. Stat. §§ 58-63-15 and 75-1.1, et

seq., by (1) making misrepresentations about the existence of the Storm Damage and whether it was covered under the Policy; (2) failing to make an attempt to settle the Claim in a fair manner; (3) failing to offer an adequate explanation for the denial of the Claim; (4) failing to affirm or deny coverage within a reasonable time; (5) performing an out-come oriented investigation of the Claim, which allegedly resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses; and (6) citing false or misleading information as the basis for the denial of the claim. *Id.* ¶¶28-35.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the " '[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.' " *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 555 (2007)). Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 129 S.Ct. at 1949-50. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008)(quotations omitted).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 559 (4th Cir. 2011). A document is

4

incorporated into a complaint, even if it is not attached, where it is "integral to and explicitly relied on in the complaint" and there is no authenticity challenge to it. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A "district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into for summary judgment." *Kolon Industries*, 637 F.3d at 559. Accordingly, the court will consider the copy of the Policy [DE-7-1] attached to Metropolitan's motion to dismiss, given that a partial copy–albeit mostly illegible to the court–was attached to Plaintiff's complaint. The court will not, however, consider the copy of EDTC's Engineering Report [DE-7-2] that Metropolitan attached to the motion to dismiss, because the court cannot say that it is "integral to and explicitly relied on in the complaint."

## ANALYSIS

**A.     Breach of Contract**

In North Carolina, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).[1] Furthermore, every contract carries an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement. *Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985).

Here, the parties agree there was a valid insurance contract between them. The parties dispute, however, whether Plaintiffs have alleged sufficient facts as to the second element: whether any conduct of Metropolitan constituted a breach of the insurance contract. Specifically,

---

[1] The parties have assumed that North Carolina law governs Plaintiffs' claims, and the court will do the same.

5

Metropolitan contends that Plaintiffs have (1) failed to allege a single provision of the insurance policy that was breached; (2) failed to allege that Plaintiffs have complied with all stated conditions precedent to any recovery under the policy; and (3) failed to allege they have complied with the stated conditions precedent to any contractual right to file this action against Metropolitan for recovery under the contract.

> In the Complaint, Plaintiffs allege
>
> Defendant Metropolitan failed to perform its contractual duty to compensate the Plaintiffs under the terms of the Policy for the Storm Damage. Specifically, Defendant Metropolitan failed and/or refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the Storm Damage to the Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. . . .

Compl. [DE-1-2] ¶ 28. Although a specific policy provision is not cited in the Complaint, it is apparent from Plaintiffs' allegations that they contend the Storm Damage was a covered peril under the Policy, and Metropolitan has breached the Policy by failing to make sufficient payment to cover the storm damage. At this juncture, the court cannot require more from Plaintiffs to state a plausible claim for breach of contract. *See Twombly* 550 U.S. at 570 (explaining that a complaint need only provide "enough facts to state a claim for relief that is plausible on its face").

Moreover, even if the court was inclined to accept Metropolitan's argument that – despite Plaintiffs' general allegation to the contrary[2] – Plaintiffs have failed to allege they have complied with all stated conditions precedent, the court cannot allow Metropolitan's motion to dismiss. In

---

[2] Compl. [DE-1-2] ¶ 28. Plaintiffs' general allegations regarding the satisfaction of conditions precedent complies with both the Federal and North Carolina Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); N.C. R. Civ. P. 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.").

making the argument regarding conditions precedent, Metropolitan relies, in part, on quoted language that is not included in the copy of the Policy that is attached to its motion to dismiss. *See* Mem. in Support of Mot. to Dismiss [DE-7] at 11-13 (citing Exhibit A, HO 32 32 06 10, Page 6 of 6, Metropolitan Homeowners Policy); Reply [DE-13] at 4; *see also* Exhibit A, Mot. to Dismiss (Certified Copy of Policy which does include HO 32 32 06 10 Page 6). The court also cannot find from the face of the Complaint that Plaintiffs have failed to satisfy the condition precedent of making needed repairs to the Property.

Consequently, Metropolitan's Motion to Dismiss [DE-6] is denied as to Plaintiffs' breach of contract claim.

**B.    Unfair and Deceptive Trade Practices**

Metropolitan also moves to dismiss Plaintiff's claim under North Carolina's Unfair and Deceptive Trade Practices Act, ("UDTPA"), N.C. Gen. Stat. § 75-1.1 *et seq.* To establish a violation of North Carolina's UDTPA, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to the plaintiff. *Gray v. North Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000). In this case, Defendant argues that Plaintiffs have failed to allege the first and third elements of the claim.

With regard to the first element, "[t]he determination of whether an act or practice is an unfair or deceptive practice that violates [Section] 75-1.1 is a question of law for the court." *Id.* North Carolina courts have observed that "[w]hen an insurance company engages in conduct manifesting an inequitable assertion of power or position, including conduct which can be characterized as unethical, that conduct constitutes an unfair trade practice." *Johnson v. First Union Corp.*, 128 N.C. App. 450, 458, 496 S.E.2d 1, 6 (1998) (internal quotation marks omitted). Although

7

not required to maintain a UDTPA claim, courts often look to North Carolina's insurance law statutes to determine if a particular practice is unfair or deceptive within the meaning of the act. *Country Club of Johnston Cnty., Inc. v. United States Fid. & Guar. Co.*, 150 N.C. App. 231, 243-44, 563 S.E.2d 269, 277-78 (2002). Here, Plaintiffs allege that the actions of Defendant violated practices enumerated in N.C. Gen. Stat. § 58-63-15(11), North Carolina's law governing unfair claim settlement practices. Compl. [DE-1-2] ¶¶ 29-35.

Metropolitan concedes that a violation of N.C. Gen. Stat. § 58-63-15(11) can constitute an "unfair and deceptive trade practice," but maintains that Plaintiffs have failed to allege sufficient facts to support their allegations. For example, Metropolitan recognizes that Section 58-63-15(11)(f) prohibits "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," but argues that Plaintiff's factual allegations do not show such a violation. However, the allegations in the complaint–which is what this court is confined to considering on a motion to dismiss–include that EDTC found multiple instances of hail damage to the Property, and that Metropolitan refused to replace the Property's roof, even though the Storm Damage justified replacement. Compl. [DE-1-2] ¶¶ 17-18. Plaintiffs also allege that Metropolitan relied on false or misleading information to deny the Claim. *Id.* ¶ 35. Plaintiffs further allege that there is "no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment." *Id.* ¶ 36. These are sufficient factual details to support Plaintiffs' allegations that Metropolitan engaged in an unfair and deceptive trade practice, even without considering their allegations that Metropolitan violated another practice enumerated in N.C. Gen. Stat. § 58-63-15(11).

As to the third element, Metropolitan contends that Plaintiffs are unable as a matter of law

8

to meet the requirement of showing an "injury" under UDTPA. Relying on an opinion from the North Carolina Court of Appeals, *Nelson v. Hartford Underwriters Insurance Company*, 177. N.C. App. 595, 630 S.E.2d 221 (2006), Metropolitan argues that Plaintiffs will be unable to show that any actions of Metropolitan proximately caused their injury. The court finds Metropolitan's reliance on *Nelson* to be misplaced.

In that case, the homeowner plaintiffs sued their insurer for, *inter alia*, violations of UDTPA, stemming from the insurer's handling and denial of the plaintiff's insurance claim for mold contamination of their home. *Id.* at 608, 630 S.E.2d at 230-31. The *Nelson* court affirmed the trial court's grant of summary judgment to the insurer, in part, because the plaintiffs could not show the injury element of the UDTPA claim. Observing that "[t]he injury suffered by plaintiffs in this case was the mold contamination of their home," the court noted that the parties agreed that the mold contamination was caused by three events, all of which occurred well before the effective date of the applicable insurance policy. *Id.* at 612-13, 630 S.E.2d at 233-34. The court of appeals reasoned that the insurer's actions were simply reactions to an ongoing injury suffered by the plaintiffs, and not the cause of it, and further determined that plaintiffs suffered no new injury from the insurer's actions: "Instead, plaintiffs' ongoing mold contamination simply proceeded unabated, as a continuation of an already-existing injury." *Id.* at 613, 630 S.E.2d at 234. The facts here–a single occurrence of storm damage during the applicable policy period combined with Metropolitan's allegedly unfair and deceptive actions in responding to Plaintiffs' claims–are readily distinguishable. Moreover, taking Metropolitan's argument to its logical extreme, *no* action taken by an insurer, no matter how deceptive or unfair, could support an UDTPA action because the underlying property damage was not caused by the insurer itself. This court does not believe this to be the law in North

9

Carolina.

Consequently, the court finds that Plaintiffs have stated a plausible UDTPA claim, and Metropolitan's Motion to Dismiss [DE-6] is DENIED as to that claim.

**C.      Breach of the Covenant of Good Faith and Fair Dealing**

"To establish a claim for bad faith refusal to settle, [a plaintiff] must show: (1) 'a refusal to pay after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct.'" *Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd.*, 11 F. App'x 225, 237 (4th Cir. 2001) (quoting *Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 424 S.E.2d 181, 184 (1993)). For the same reasons articulated with regard to the UDTPA claim, the court finds that Plaintiffs have alleged sufficient facts with regard to the latter two elements. The court also finds, at this juncture, that Plaintiffs' allegations sufficient to show that Metropolitan recognized Plaintiff's claim as valid. Accordingly, Metropolitan's Motion to Dismiss [DE-6] is DENIED as to this claim.

**D.      Negligent Misrepresentation**

Plaintiffs' claim for negligent misrepresentation, however, must be dismissed. Under North Carolina law, the elements of a claim for negligent misrepresentation are (1) justifiable reliance (2) to a party's detriment (3) on information prepared without reasonable care (4) by one who owed the relying party a duty of care. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988). Although Plaintiffs generally allege that they "justifiably relied" on various representations made by Metropolitan, *see* Compl. [DE-1-2] ¶ 58, 60, the factual allegations in the Complaint do nothing to support that inference. Indeed, the factual allegations in the Complaint can only give rise to the inference that Plaintiffs repeatedly rejected the representations made by Metropolitan to them and did *not* rely upon those representations.

*See* Compl. [DE-1-2] ¶ 15 ("Citing the information and estimates provided by their roofing contractor(s), Plaintiffs disputed the findings of Defendant Metropolitan and requested their Property and the Storm Damage be evaluated again."); ¶ 19 ("Plaintiffs again disputed the findings of Defendant Metropolitan and requested complete coverage of the claimed Storm Damage."). The court accordingly agrees with Metropolitan's argument that Plaintiffs have failed to plead sufficient facts to show they justifiably relied on the representations of Metropolitan. Accordingly, Metropolitan's Motion to Dismiss [DE-6] is ALLOWED as to negligent misrepresentation claim.

**E.     Negligence**

Similarly, Plaintiffs' claim for negligence must be dismissed. As Plaintiffs recognize, under North Carolina law a breach of contract ordinarily does not give rise to a tort claim. *See North Carolina Ports Auth. v. Lloyd A. Fry Roofing, Co.*, 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), *rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc.*, 313 N.C. 230, 328 S.E.2d 274 (1985); *see also Kelly v. Georgia-Pacific LLC*, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009). As another judge in this district has observed, the economic loss doctrine "makes sense, in part, because parties to a contract do not thereby become each others' fiduciaries; [therefore], they generally owe no special duty to one another beyond the terms of the contract." *Kelly*, 672 F. Supp. 2d at 791 (internal quotations and citations omitted, alteration in original). Accordingly, "[t]o pursue a tort claim and a breach of contract claim concerning the same conduct, a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." *Id.* (quotation omitted).

Here, all of Plaintiffs' allegations regarding Metropolitan's actions and inactions concern duties owed by Metropolitan under the insurance policy. *See* Response to Mot. to Dismiss [DE-12]

at 24-25; Compl. [DE-1-2] ¶¶ 66, 67, 68. There is no independent tort apparent from the allegations. Additionally, although there are exceptions to the rule enunciated in *North Carolina Ports Authority*, none of them apply here. *See North Carolina Ports Authority*, 294 N.C. at 82, 240 S.E.2d at 350-51 (enumerating the four exceptions). Accordingly, Plaintiffs have failed to state a claim for negligence, and the Motion to Dismiss [DE-6] is ALLOWED as to that claim.

### F. Punitive Damages

In light of the court's refusal to dismiss Plaintiffs' claim for breach of the covenant of good faith and fair dealing, the court declines to dismiss Plaintiffs' request for punitive damages. *See Dailey v. Integon General Ins. Co.*, 57 N.C. App. 346, 348-50, 291 S.E.2d 331, 332 (1982).

### CONCLUSION

For the foregoing reasons, Metropolitan's Motion to Dismiss [DE-6] is ALLOWED in part and DENIED in part. Plaintiffs' claims for negligent misrepresentation and negligence are DISMISSED. The Clerk of Court is DIRECTED to continue the management of this case.

SO ORDERED.

This the _26_ day of August, 2014.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge